United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CYNTHIA TILTON,                         )   No. C-05-3144-SC
                                        )
                                        )
          Plaintiff,                    )   ORDER DENYING MOTION
                                        )   FOR ATTORNEY'S FEES
     v.                                 )
                                        )
ESKANOS & ADLER, a professional         )
corporation,                            )
                                        )
          Defendant.                    )
_____)

I.   **INTRODUCTION**

     Plaintiff Cynthia Tilton ("Plaintiff" or "Tilton") filed this
action against Defendant Eskanos & Adler ("Defendant" or "E&A"), a
consumer collection law firm, alleging causes of action under the
Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.

     After reaching a monetary settlement with Defendant,
Plaintiff filed, and the Court approved, a voluntary dismissal of
the case with prejudice on June 9, 2006.

     Presently before the Court is Defendant's motion for attorney
fees, alleging that Plaintiff brought her action in bad faith.

     For the reasons contained herein, the Court DENIES
Defendant's motion.

//

//

## II.   BACKGROUND

   The instant action arose from a prior case in which E&A sued Tilton.[1]  This prior action started when E&A was hired to "prosecute litigation against Ms. Tilton if she did not resolve her debt owed to" Defendant's client.  Defendant's Memorandum in Support of Motion for Attorney Fees ("Def's. Mem.") at 3.  Default was entered after Tilton failed to respond, E&A ordered an abstract of judgment on April 15, 2005, and E&A "began the process of levying Ms. Tilton's bank account."  Id.

   After April 2005, "it became apparent with the involvement of [Tilton's counsel] in the instant action, that Ms. Tilton's debt was potentially time barred."  Id.  The judgment was vacated after the parties stipulated to such an action.  The parties negotiated a settlement of "Ms. Tilton's purported claims."  Id. at 4.

   However, the matter was not finished.  According to E&A, the state court "erroneously issued an abstract of judgment on June 28, 2005."  Id.  When E&A received the erroneously issued abstract, its employee, Monica Otero, committed a blunder by mailing it to the Contra Costa County Recorder's office.  See id.[2] The recorder's office subsequently, according to Tilton, sent Tilton a notice that "E&A had placed a lien" on her property.  See Declaration of Cynthia Tilton in Opposition to Defendant Eskanos & Adler's Motion for Attorney's Fees ¶¶ 15-16.  On August 3, 2005, Tilton filed the instant action in the U.S. District Court for the

---

   [1] This prior action was filed in the Superior Court for the County of Contra Costa and was assigned WS04-2609 as its case number.  See Complaint ¶ 12.

   [2] E&A calls it an "inadvertent, clerical mistake."  Def's. Mem. at 9.

United States District Court

For the Northern District of California

Northern District.  See Declaration of June D. Koper in Support of E&A's Motion for Attorney's Fees ("Koper Decl."), Ex. K at 2.  E&A requested a release of the lien on August 10, 2005, after having discovered its error.  See id. at 2-3.

After Tilton accepted E&A's offer of a monetary settlement, she filed, and the Court approved, a voluntary dismissal of the instant case with prejudice.

Defendants now move for $19,525.00 in attorney fees under Federal Rule of Civil Procedure 11 ("Rule 11") and under 15 U.S.C. § 1692k(a)(3).[3]

## III.  **DISCUSSION**

A.    The Court Will Not Award Sanctions Under Rule 11

E&A alleges that Tilton and her counsel filed the present action in "bad faith" and without conducting the "due diligence" requirements" mandated by Rule 11.  Def's. Mem. at 1, 12.

Under Rule 11, a court can impose sanctions on parties, law firms or attorneys for presenting papers to the court for an improper purpose, such as harassment, causing unnecessary delay, or needless increase in the cost of litigation.  The court can also impose sanctions for filing allegations whose factual contentions lack an evidentiary basis.  Id.

Sanctions under Rule 11 are discretionary - even if a party has clearly violated Rule 11, the court is not required to impose

---

[3] E&A also asks for compensation for the "fees incurred to reply to the opposition to this Motion and attend the hearing on this motion."

The Court points out that it vacated the hearing because it found under Local Rule 7-1(b) that this motion could be determined without oral argument.  There was, then, no hearing for E&A to attend.

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

any sanction, monetary or otherwise.  <u>See</u> Committee Notes on Amendments to Federal Rules of Civil Procedure (1993) 146 FRD 401, 587.

The Court will not award attorney's fees to Defendant.  The Court finds that Plaintiff did not present papers to the Court for an improper purpose or containing allegations that lacked a factual basis.[4]  The Court finds that Tilton was understandably concerned about her legal rights and her finances when E&A, however mistakenly, placed a lien on her house, especially considering that she thought that E&A's suit had settled.  Although E&A states that it informed Tilton that it sent the abstract of judgment in error, it would have been reasonable for Tilton to have little trust in the assertions of her former litigation adversary.

Perhaps Tilton and her attorney should have made more probing inquiries about E&A's actions.  (Also, perhaps, E&A should have carefully researched the statutes limiting its right to file its state action against Tilton.)  Whatever the alleged failures and possible blunders, the Court will not apply the heavy punishment of sanctions against Tilton.

The motion for attorney's fees under Rule 11 is DENIED.

----

[4] E&A asserts that Tilton does not properly allege that it violated the Fair Debt Collection Practices Act.  See E&A's Motion for Attorneys' Fees at 6-8.
The Court finds this assertion surprising, especially when even a cursory look at the Complaint indicates that Tilton alleges facts sufficient to state a claim under various provisions of the Act.  One example will suffice.  Tilton alleged in her Complaint that E&A violated 15 U.S.C. § 1692f(1), which forbids a debt collector from attempting to collect a debt that was not expressly authorized by an agreement or permitted by law.  From Tilton's look-out, Defendant appeared to have done exactly that when she heard that E&A had placed a lien on her house.

4

United States District Court
For the Northern District of California

B.   <u>The Court Will Not Award Sanctions Under 15 U.S.C.
     § 1692k(a)(3)</u>

The Court will not award sanctions under 15 U.S.C. § 1692k
(a)(3), which reads, in relevant part, "[o]n a finding by the
court that an action under this section was brought in bad faith
and for the purpose of harassment, the court may award to the
defendant attorney's fees reasonable in relation to the work
expended and costs."

Under the facts stated above, the Court does not find that
this action was brought in bad faith or for purposes of
harassment.

The motion for attorney's fees under 15 U.S.C. § 1692k(a)(3)
is DENIED.

On a final note, the Court is displeased that Defendant filed
this motion.  Though perhaps not an instance of bad faith, the
Court finds it inappropriate for the Defendant to bring this
motion after the parties had agreed to a settlement and a
dismissal.  Settlements serve an important function in our legal
system.  Through them, adversaries not only agree to end court
proceedings, but also agree to terminate their disputes
altogether, in order to save the court and the litigants from
wasting further time and resources.  Bringing this sort of motion
after such an arrangement undercuts the very policy underlying the
settlement process.

//

//

//

//

5

## IV.   **<u>CONCLUSION</u>**

The Court finds that the action was not filed in bad faith or for purposes of harassment, nor did its filing in any way violate Rule 11, nor is there any reason to justify an award of attorney's fees under 15 U.S.C. § 1692k(a)(3).  Accordingly, Defendant E&A's motion is DENIED.

IT IS SO ORDERED.

Dated: August 14, 2006

_____
UNITED STATES DISTRICT JUDGE